## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES CLEVELAND, Individually<br>18055 Redden Road<br>Georgetown, Delaware 19947 | *<br><br>* |
| and | * |
| t/u/o<br>HILDA MITCHELL, Individually and as<br>Personal Representative of the Estate of<br>RETHA CLEVELAND, deceased<br>208 New Street<br>Dagsboro, DE 19939 | *<br><br>*<br><br>*<br><br>* |
| and | *<br><br>* |
| t/u/o<br>MATTHEW KAUFFMAN, Individually<br>30178 Iron Branch Rd<br>Dagsboro, DE 19939 | *<br><br>*<br><br>* |
| *Plaintiffs* | * |
| v. | * |
| MICHAEL D. SOFRONSKI, M.D.<br>Delmarva Bariatric Center<br>1324 Belmont Avenue, Suite 105<br>Salisbury, MD 21804-4500 | *<br><br>*<br><br>* |
| and | *<br><br>* |
| DELMARVA BARIATRIC CENTER, P.A.<br>1324 Belmont Avenue, Suite 105<br>Salisbury, MD 21804-4500 | *<br><br>*<br><br>* |
| Serve On:<br>Michael Sofronski, M.D., Resident Agent<br>Delmarva Bariatric Center<br>1324 Belmont Avenue, Suite 105<br>Salisbury, MD 21804-4500 | *<br><br>*<br><br>*<br><br>* |
| and | *<br><br>* |

WDQ11CV0026

FILED   ENTERED
LOGGED   RECEIVED

JAN 05 2011

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

PENINSULA REGIONAL MEDICAL CENTER  
100 East Carroll Street                                      *  
Salisbury, MD 21801  
                                                             *

    Serve On:  
    Daniel J. Mulvanny, Resident Agent        *  
    100 East Carroll Street  
    Salisbury, MD 21801                        *

    *Defendants*                                *

        *  *  *  *  *  *  *  *

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiffs, James Cleveland, Individually, t/u/o Hilda Mitchell, and t/u/o Matthew Kauffman, by and through their attorneys, Julia A. Lodowski and Salsbury, Clements, Bekman, Marder & Adkins, L.L.C., sue the Defendants, Michael Sofronski, M.D., The Delmarva Bariatric Center, P.A., and the Penninsula Regional Medical Center and state as follows:

### COUNT I

1. The amount of this claim exceeds $30,000.00.

2. The venue for this claim is proper in the United States District Court for the District of Maryland, pursuant to 28 U.S.C. § 1402 (b).

3. A Statement of Claim was filed with the Health Claims Arbitration Office as required under Maryland law, and arbitration of the claim was waived by the Plaintiffs pursuant to § 3-2A-06B(b) of the Courts and Judicial Proceedings Article. The Statement of Claim, documents filed thereto and Order of Transfer are attached hereto.

4. At all times hereinafter set forth, the Defendant, Michael Sofronski, M.D., held himself out to the Plaintiffs and to the general public as an experienced, competent, and able physician and health care provider, possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the

practice of general surgery, and, as such, owed a duty to the Plaintiffs to render that degree of care and treatment which is ordinarily rendered by those who devote special study and attention to the practice of general surgery.

5. At all times hereinafter set forth, the Defendant, Peninsula Regional Medical Center was and is a medical facility offering administrative, medical, surgical, nursing and other related services to the general public and in such capacity, such institution, its agents, servants and/or employees, medical staff, administrators, physicians, surgeons, nurses and consultants held themselves out as practicing ordinary standards of medical, nursing, and administrative care and, as such, owed a duty to the Plaintiffs to render and provide health care within the ordinary standards of administrative, emergency medical, medical, and nursing care, and to exercise reasonable skill and care in the selection of its personnel to provide competent emergency physicians, physicians, nurses, administrators, and other administrative and medical personnel, possessing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of medicine, emergency medicine and nursing, and to supervise and provide its patients with diagnostic, medical, and administrative services and treatment commensurate with the condition from which the patient suffers and for which patient entered said institution.

6. At all times hereinafter set forth, the Defendant, Michael Sofronski, M.D. (hereinafter "Sofronski") was an agent and/or apparent agent, servant, or employee of the Defendants, Peninsula Regional Medical Center ("PRMC") and The Delmarva Bariatric Center.

7. At all times hereinafter set forth, all nurses, residents, house officers and consultants identified in the medical records of PRMC during Mrs. Cleveland's March 14, 2007 admission to PRMC were agents and/or apparent agents, servants, or employees of the Defendant, PRMC.

8. On or about March 14, 2007, fifty-one year old Retha Cleveland presented to PRMC for her laparoscopic gallbladder surgery scheduled for that morning. Mrs. Cleveland was morbidly obese. Defendant Sofronski was the surgeon scheduled to perform her laparoscopic cholecystectomy procedure.

9. Surgery began at approximately 7:30 a.m. and ended at approximately 9 a.m. Foot pumps were the only devices used at anti-embolism prophylaxis during the procedure. Additionally, during the operation, Mrs. Cleveland had tape placed across her thighs and lower legs to secure her to the operating room table.

10. Defendant Sofronski's post-operative orders requested sequential stockings until Mrs. Cleveland was ambulating. His orders did not request any type of drug prophylaxis to prevent pulmonary embolism (Lovenox or Low Molecular Weight Heparin) notwithstanding Mrs. Cleveland's high risk factors to develop same. Accordingly, no drug prophylaxis was administered.

11. Mrs. Cleveland remained in the PACU from 9 a.m. until approximately 12:30 p.m. At approximately 12:30 p.m., Mrs. Cleveland was transferred to the floor.

12. From 12:30 p.m. on March 14, 2007 until approximately 10 a.m. on March 15, 2007, Mrs. Cleveland remained in the hospital until her discharge. She ambulated on three occasions during that 22 hour time period- all were mere trips to the bathroom.

13. Mrs. Cleveland was discharged on March 15, 2007 at approximately 10 a.m. At approximately 4 p.m. on March 15, 2007 - the same day of her discharge- Mrs. Cleveland died at her home from a pulmonary embolism.

14. The Defendant, Michael Sofronski, M.D., was negligent and careless in the following respects:

    a. failed to order drug prophylaxis as a part of Mrs. Cleveland's immediate

post-operative orders on March 14, 2007 while in PRMC;

      b.    failed to require anti-embolic mechanical prophylaxis for Mrs. Cleveland to be continued throughout her hospital stay on March 14-15, 2007;

      c.    failed to prevent her death from pulmonary embolism; and

      d.    was otherwise careless and negligent.

15.    The Defendant, PRMC, was negligent and careless in the following respects:

      a.    failed to order drug prophylaxis as a part of Mrs. Cleveland's immediate post-operative orders on March 14, 2007 while in PRMC;

      b.    failed to require anti-embolic mechanical prophylaxis for Mrs. Cleveland to be continued throughout her hospital stay on March 14-15, 2007;

      c.    failed to prevent her death from pulmonary embolism; and

      d.    was otherwise careless and negligent.

16.    As a direct result of the negligence of the Defendants, the Decedent was caused to suffer painful and permanent injuries to her body; was caused to sustain severe mental anguish and emotional pain and suffering, was caused to incur hospital, medical expenses and was caused to incur other financial losses and damage.

WHEREFORE, the Plaintiff, Hilda Mitchell, as the Personal Representative of the Estate of Retha Cleveland, claims damages against the Defendants, Michael Sofronski, M.D., The Delmarva Bariatric Center, P.A., and the Pennisula Regional Medical Center in an amount exceeding $30,000.00 to be determined by a jury, with all costs to be paid by the Defendants.

## **COUNT II**

17.    The Plaintiff, Hilda Mitchell, Individually, incorporates paragraphs 1 through 16 of the Statement of Claim as if they were fully set forth at length herein.

18. That at the time of the death the Decedent, the Plaintiff, Hilda Mitchell, was the mother of the Decedent.

19. That as a direct result of the negligence of the Defendants, the Plaintiff, Hilda Mitchell, individually suffered severe mental anguish, and emotional pain and suffering, and has lost and has been deprived of the society, companionship, comfort, protection, care, attention, advice, counsel, and support which the Decedent rendered while alive and could have and would have continued to afford and render had she continued to live.

20. By reasons of the negligence of the Defendants which culminated in the death of the Decedent, the Plaintiff, Hilda Mitchell, as the surviving mother of the Decedent, requests compensation to her for all of the damages, injuries, and losses past, present, and future which she has sustained is sustaining and will in the future sustain, all of which were proximately caused by the negligence and carelessness of the Defendants.

WHEREFORE, the Plaintiff, Hilda Mitchell, as the surviving mother of Retha Cleveland, deceased, claims damages against the Defendants, Michael Sofronski, M.D., The Delmarva Bariatric Center, P.A., and the Pennisula Regional Medical Center in an amount exceeding $30,000.00 to be determined by a jury, with all costs to be paid by the Defendants.

## COUNT III

21. The Plaintiff, James Cleveland, Individually, incorporates paragraphs 1 through 16 of the Statement of Claim as if they were fully set forth at length herein.

22. That at the time of the death the Decedent, the Plaintiff, James Cleveland, was the husband of the Decedent.

23. That as a direct result of the negligence of the Defendants, the Plaintiff, James Cleveland, individually suffered severe mental anguish, and emotional pain and suffering, and has lost and has been deprived of the society, companionship, comfort, protection, care, attention,

advice, counsel, and support which the Decedent rendered while alive and could have and would have continued to afford and render had she continued to live.

24. By reasons of the negligence of the Defendants which culminated in the death of the Decedent, the Plaintiff, James Cleveland, as the surviving husband of the Decedent, requests compensation to her for all of the damages, injuries, and losses past, present, and future which she has sustained is sustaining and will in the future sustain, all of which were proximately caused by the negligence and carelessness of the Defendants.

WHEREFORE, the Plaintiff, James Cleveland, as the surviving husband of Retha Cleveland, deceased, claims damages against the Defendants, Michael Sofronski, M.D., The Delmarva Bariatric Center, P.A., and the Pennisula Regional Medical Center in an amount exceeding $30,000.00 to be determined by a jury, with all costs to be paid by the Defendants.

## COUNT IV

25. The Plaintiff, Michael Kauffman, Individually incorporates paragraphs 1 through 16 of the Statement of Claim as if they were fully set forth at length herein.

26. That at the time of the death the Decedent, the Plaintiff, Michael Kauffman, was the natural child of the Decedent.

27. That as a direct result of the negligence of the Defendants, the Plaintiff, Michael Kauffman, individually suffered severe mental anguish, and emotional pain and suffering, and has lost and has been deprived of the society, companionship, comfort, protection, care, attention, advice, counsel, and support which the Decedent, rendered while alive and could have and would have continued to afford and render had she continued to live.

28. By reasons of the negligence of the Defendants which culminated in the death of the Decedent, the Plaintiff, Michael Kauffman, as a surviving child of the Decedent, requests compensation to her for all of the damages, injuries, and losses past, present, and future which he

has sustained is sustaining and will in the future sustain, all of which were proximately caused by the negligence and carelessness of the Defendants.

WHEREFORE, the Plaintiff, Michael Kauffman, as a surviving child of Retha Cleveland, deceased, claims damages against the Defendants, Michael Sofronski, M.D., The Delmarva Bariatric Center, P.A., and the Pennisula Regional Medical Center in an amount exceeding $30,000.00 to be determined by a jury, with all costs to be paid by the Defendants.

_____
Julia R. Arfaa  #25348
Salsbury, Clements,
Bekman, Marder & Adkins, L.L.C.
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
(410)539-6633

*Attorneys for Plaintiffs*